CLAYTON H. WAITE, Appellant, v. AMEDEO H. VOLPE, Respondent.— Appeal from a judgment entered in the Schenectady County clerk's office dismissing the complaint of the plaintiff and granting defendant affirmative judgment on his counterclaim. The judgment was entered upon the report of a referee who had been appointed to hear and determine. Plaintiff has been engaged in the city of Schenectady as a professional bill collector for several years. The defendant was admitted to the Bar in 1937 and shortly thereafter was employed by plaintiff to handle all of his law business in connection with his collection agency, for which he was to receive the sum of fifty dollars a month as his sole compensation. This arrangement was continued until December, 1940, and the contract of hiring terminated on January 1, 1941. Plaintiff brought

this action to recover the sum of $353.98 which he alleged was owing to him from the defendant by reason of the fact that defendant had retained this sum as and for his commission for acting as plaintiff's attorney. The plaintiff also asked for an accounting. Defendant's answer denied the material allegations of the complaint and set up as an affirmative defense a counterclaim that upon the termination of the original contract, on January 1, 1941, plaintiff engaged defendant as an attorney to collect certain accounts and that as compensation therefor defendant was to retain 25% of the amount collected, plus court costs. The answer also demanded an accounting from plaintiff for moneys he had collected on accounts in possession of the defendant and on which he had failed to pay the defendant the 25% compensation. A question of fact was presented as to whether the parties had made a new contract and whether they had ratified it by their acts and were operating thereunder. The referee found that such contract had been made and acted upon by the parties and dismissed the complaint and gave judgment against the plaintiff and in favor of the defendant. There is ample evidence to sustain the determination of the referee, and the judgment appealed from should be affirmed. Judgment affirmed, with costs. All concur.